UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRIAN JOSEPH MCCARTHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01094-JPH-CSW |
| | ) | |
| JASON CARTER Dr., | ) | |
| SHERRY R/N, | ) | |
| A. SMITH S/P, | ) | |
| LUCIO GARCIA, | ) | |
| KELLY WILLIAMS N/P, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DIRECTING PAYMENT OF FILING FEE, DISMISSING COMPLAINT, DIRECTING FILING OF AMENDED COMPLAINT, AND DENYING MOTION FOR COUNSEL**

Plaintiff Brian McCarthy is a prisoner currently incarcerated at New Castle Correctional Facility ("New Castle"). He filed this civil action alleging gross negligence and medical misconduct by various prison staff. Because the plaintiff is a "prisoner," this Court has an obligation to screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I.**
**Filing Fee Payment**

As an initial matter, Mr. McCarthy previously moved to proceed *in forma pauperis.* Dkt. 2. The Court granted his motion and assessed an initial partial filing fee of $7.37. Dkt. 5. He was given through August 3, 2024, in which to pay this sum to the clerk of the district court. *Id.* On July 25, Mr. McCarthy moved to reconsider, seeking to have pre-payment of a partial filing fee waived in its entirety. Dkt. 7. The Court declined to fully waive pre-payment of the fee

1

but did extend Mr. McCarthy's deadline in which to pay the $7.37 initial partial filing fee through September 3, 2024. Dkt. 8. He has still not paid this sum, nor has he demonstrated an inability to do so.

Accordingly, Mr. McCarthy **shall have one final opportunity, through January 3, 2025, in which to pay** the $7.37 initial partial filing fee to the clerk of the district court or this action will be dismissed without further warning or opportunity to show cause.

## II.
## Screening Standard

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### III.
### The Complaint

Mr. McCarthy's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). Mr. McCarthy is blind. He alleges that on September 24, 2023, he unknowingly passed by another inmate mopping the floor, slipped, and fell on the floor, losing consciousness for two to three minutes. Dkt. 1 at 2. Officer Smith and RN Sherry placed Mr. McCarthy on a back board, secured his neck, and brought him to the infirmary. *Id.* Mr. McCarthy complained of severe pain in various places, as well as numbness in his lower back, neck, and left arm. *Id.* at 3. He was kept secured on the back board while Sgt. Sizemore reviewed the camera footage and RN Sherry called Dr. Carter. *Id.* Dr. Carter directed RN Sherry to perform a neuro test, then wait ten hours and perform a second one. *Id.* He specifically told RN Sherry not to take Mr. McCarthy to an outside hospital. *Id.* Mr. McCarthy was then given pain relievers and told to "sleep it off." *Id.*

Following the incident, Mr. McCarthy submitted four requests for additional heath care, on September 24, 26, 28, and 30, but he received "zero results." *Id.* He alleges this demonstrates gross negligence and medical misconduct on behalf of all the defendants and seeks monetary damages for quality of life and emotional distress. *Id.* at 4.

## IV.
## Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

The constitutional provision implicated by Mr. McCarthy's claims is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."). In order for an inmate to state a claim under § 1983 for medical mistreatment or the denial of medical care, the prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Indeed, mere negligence is insufficient to support a § 1983 claim. *See Huber v. Anderson,* 909 F.3d 201, 208 (7th Cir. 2018) (deliberate indifference "requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk.") (internal quotation omitted).

Mr. McCarthy's allegations that he slipped on a wet floor, was taken to the infirmary on a back board, complained of numbness and pain, and was given a neuro test and pain relievers by a nurse practitioner, under the direction of a physician, are insufficient to state a claim that any of the defendants were deliberately indifferent to his serious medical needs. These

allegations also fail to indicate what injuries if any Mr. McCarthy sustained as a result of the treatment he received, which is a necessary part of any claim under § 1983 generally and for a claim of deliberate indifference. *See Kemp v. Fulton Cnty.*, 27 F.4th 491, 496 (7th Cir. 2022); *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) ("In order to succeed in a § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation *caused* the plaintiff injury or damages.").

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

## V.
## Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow plaintiff to amend his complaint if, after reviewing this court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through January 3, 2025, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order.

Any amended complaint should have the proper case number, 1:24-cv-01094-JPH-CSW and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

## VI.
## Motion for Counsel

Mr. McCarthy also filed a response to the Court's July 31, 2024, Order, which the Court construes as a motion requesting the appointment of counsel. Dkt. 9. This motion, dkt. [9], is **denied without prejudice.**

Litigants in federal civil cases do not have a constitutional or statutory right to court-appointed counsel. *Walker v. Price*, 900 F.3d 933, 938 (7th Cir. 2018). Instead, 28 U.S.C. § 1915(e)(1) gives courts the authority to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). As a practical matter, there are not enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. *See Watts v. Kidman*, 42 F.4th 755, 764 (7th Cir. 2022) (explaining that courts must be careful stewards of the limited resource of volunteer lawyers); *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("Whether to recruit an attorney is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.").

"'When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654

(7th Cir. 2007)). The first question "is a mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Id.*

Mr. McCarthy has not indicated whether he has attempted to contact any attorneys with requests for representation. Accordingly, the Court finds that he has not made a reasonable effort to recruit counsel on his own before seeking the Court's assistance. *Thomas v. Anderson*, 912 F.3d 971, 978 (7th Cir. 2019) (because plaintiff did not show that he tried to obtain counsel on his own or that he was precluded from doing so, the judge's denial of these requests was not an abuse of discretion). The **clerk is directed** to send Mr. McCarthy a motion for assistance recruiting counsel form with his copy of this Order, which he must use if he chooses to renew his motion.

## VII.
## Conclusion

In sum, Mr. McCarthy's complaint is dismissed for failure to state a claim upon which relief may be granted. He shall have **through January 3, 2025, to file an amended complaint**, as directed in Section V. If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b).

Further, Mr. McCarthy **shall have one final opportunity, through January 3, 2025, in which to pay** the $7.37 initial partial filing fee to the clerk of the district court.

**Mr. McCarthy must both pay the initial partial filing fee and file an amended complaint by January 3, 2025, or this action will be dismissed without further notice or opportunity to show cause.**

8

Finally, his motion for appointment of counsel, dkt. [9], is **denied without prejudice**.

The **clerk is directed** to include a copy of the prisoner civil rights complaint form and the motion for assistance recruit counsel form along with the plaintiff's copy of this Order.

**SO ORDERED.**

Date: 12/4/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRIAN JOSEPH MCCARTHY
283937
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362